THOMAS *et al. v.* WILLIAMS.

*(Circuit Court, D. Connecticut.* May 4, 1888.)

PATENTS FOR INVENTIONS—INFRINGEMENT—BUSTLES.

The first claim of patent No. 164,340, issued June 8, 1875, to Amos W. Thomas, for an improvement in bustles, is as follows: "In a bustle, a base bow formed or combined with upright extensions or ribs, which rest against the person of the wearer, and provided with spiral curves arranged so as to permit said bow to fold upwardly towards the waistband, and cause it to spring downwardly when impact is released." *Held*, that defendant's bustle, which has an upper rib as one of a series of ribs which compose the bustle, but which has not the upright extension of the Thomas patent, does not infringe it.

In Equity. Bill for infringement of patent. On motion for injunction, *pendente lite.*

*Sherman H. Hubbard*, for plaintiffs.

*John P. Bartlett*, for defendant.

SHIPMAN, J. This is a motion for an injunction, *pendente lite*, to restrain the defendant from the alleged infringement of letters patent No. 164,340, dated June 8, 1875, to Amos W. Thomas, for an improvement in bustles or *tournures.* The patentee says, in his specification, that his invention has particular reference—"*First*, to forming the lower bow with a circle at the point where it bends upwardly to the waistband; and, *secondly*, to the combination, with this spring bow, of the upper bows, which are attached to it by tape or equivalent means, in such manner that they will be caused to expand when it springs outwardly." The base bow is bent to form coiled springs at the two corners, whence it proceeds in upright extensions, which rest against the person of the wearer, to their points of attachment at the waistbands. The base bow, with its upright side extensions, thus forms a frame work which supports the other bows, and, by means of the coiled springs at its corners, gives elasticity to the whole device. The bustle has "a series of contour bows," the ends of which are attached to a strip which extends along the upright extensions, and the points of the attachment are in a row parallel to said extensions. A tape or cord proceeds from the waistband to the base bow, being secured intermediately to each one of the contour bows, which, by means of this connection, are drawn out when the base bow expands. The first claim and the only one which is said to be infringed, is as follows:

"(1) In a bustle, a base bow, F, formed or combined with upright extensions or ribs, F, which rest against the person of the wearer, and provided with spiral curves, f, f, arranged so as to permit said bow to fold upwardly towards the waistband, and cause it to spring downwardly when impact is released, substantially as shown and set forth."

The defendant's bustle consists of a series of bows. The ends of the lower and upper bows are fastened to the arms of a pair of coiled springs, and by means of this connection the bustle is expanded. All the bows

are loosely jointed to the coils of these springs and radiate from a common center. The series of bows is secured by the top bow to a waistband, and is connected together at the centers of the bows by a tape which is secured to each of them. The upper and the lower bows are directly and firmly connected to each other by the arms of the coiled springs, but the upper bow is simply a bow, and not an upright extension of the base bow, and in that manner forming part of a frame-work by which the contour bows are supported. I do not regard the fact that the upper and lower bows are not integral as of importance. As this patent has never been judicially construed, I shall not undertake, upon this motion, to construe it definitely, but I shall simply state what now seems to be the proper meaning of the first claim. It is stated in one of the affidavits, and, I have no doubt, with correctness, that the Thomas bustle first used coiled springs to produce the required elasticity, and further that the validity of the patent has been recognized, after careful investigation, by skilled solicitors and lawyers. The important question upon this motion is not whether the patent is valid, but whether it is clear that the Williams bustle is an infringement of it. It is urged that the upper rib of the Williams device necessarily rests against the person of the wearer, and is combined and connected with the base bow by means of the coiled springs, with which the latter is also provided, and which act solely to permit the lower bow to fly upwardly towards the waistband, and to cause it to spring downwardly when impact is released. This is true, and if no additional requisites to an infringement are necessary, the patent covers the Williams device, and would, in effect, cover any bustle wherein the upper and lower ribs are connected together, and made elastic, by coiled springs. My present impression is that the first claim of the patent, reasonably construed, requires that the base bow should be formed on or combined with upright extensions, thus making a frame-work for the bustle, and that the claim is for a frame-work composed of one or more pieces of wire, one portion to serve as a lower bow, another portion, being an upright extension of the base bow, to extend upward to the waistband, and rest against the person of the wearer, with intermediate portions or coiled springs, acting as elastic joints for the purpose named in the claims, the frame-work furnishing a support for the separate contour bows. The Williams device has no upright extension or rib in the sense in which those words are used in the patent. It has an upper rib, which is one of the series of ribs which compose the bustle; but it has not the upright extension of the Thomas patent, which is a different thing from its upper rib. The motion is denied.